In the Matter of the Estate of FLORENCE R. FUERTH, Deceased.

Surrogate's Court, Bronx County, November 6, 1933.

*Clarence A. Weill,* for the executors.

*Edward F. Roehm,* special guardian.

HENDERSON, S. The executors seek a construction of certain portions of decedent's will in this proceeding to judicially settle their account.

The testatrix made certain dispositions in the event that her net estate, exclusive of the realty described in paragraph " second " of her will, should exceed the sum of $200,000. It is less than that amount.

The will clearly discloses that the dominant purpose of the testatrix was the support of her mother during the latter's life and the ultimate equal division of her entire estate between her two children.

The testatrix gave the use of her dwelling to her husband as long as he desired to occupy the same, provided he paid all carrying charges. During such occupancy she prohibited her trustees from exercising the power she gave them to sell this realty. Provision was also made for similar occupancy by her mother and children after her husband's death. The proceeds of any sale thereof, either before or after his death, were to be devoted to the same purpose and be distributed in the same manner as her residuary estate.

The testatrix, however, expressed her scheme for the disposition of her property in such a way that effect cannot be given to all of her precise directions without violating the statutes which limit the suspension of the absolute ownership of personalty and of the absolute power of alienation of realty. (Pers. Prop. Law, § 11; Real Prop. Law, § 42.)

In the second paragraph of her will she devised her realty in trust for the uses above noted, and directed that the proceeds of the sale thereof be added to the trust created in the sixth paragraph of her will.

In paragraph " sixth " the testatrix bequeathed and devised her residuary estate, including the proceeds of the sale of the above-mentioned realty, in trust for the expressed purpose of paying the income thereof to her mother, during the latter's life, and thereafter to her two children equally " until they shall severally attain the age of thirty-five (35) years." Upon reaching that age, each child is to receive " one-fourth " of the principal, and thereafter the income is to be paid proportionately to the children until " they shall severally attain the age of forty (40) years, at which times the balance of the principal of said trust fund shall be paid over to each of my said two children in equal proportions."

The testatrix contemplated the possible death of a child before reaching either of the specified ages, and provided for such contingency in the ninth paragraph of her will which reads:

" *Ninth.* If either of my children aforesaid shall die without issue before receiving the share of my estate to which he or she may be entitled to hereunder, I direct my trustees to pay over to the survivor such unpaid or undistributed share upon such survivor attaining the respective ages in the manner and in the proportions hereinbefore set forth."

There is no gift over in the event that issue survived such death, nor in the event of the possible death of the survivor before attaining either of said ages.

The possible continuance of each half of the " residuary trust " beyond the lives of the mother and one child, and of the " realty trust " beyond the lives of the husband and the mother, prevents giving complete effect to the testamentary plan, which includes a postponement of the full enjoyment and possession by each child of his share until he reaches certain ages.

Although the testatrix, in the creation of the trusts, has combined into a single group the benefits she bestows upon her children, her intention to set up separate trusts is sufficiently expressed in the fifteenth paragraph of her will, reading:

" *Fifteenth.* My trustees shall not be required to make physical division of the funds except when necessary for distribution of principal, but may in their discretion keep the trust corpus in one or more consolidated funds in which the separate shares shall have undivided interests."

I find that the testatrix intended to, and did create a separate trust of the realty described in the second paragraph of her will, and separate secondary trusts of the remainder in the primary trust of her residuary estate, exclusive of such realty.

The attempted dispositions of the dwelling in further trust after the death of the mother and of each half of the residuary in further trust after the death of the child for whose benefit it was placed in a secondary trust, are invalid. These invalid provisions, however, do not destroy *in toto* any of the trusts. They may be readily separated from the valid dispositions and deleted without injury to the testamentary scheme. By such excision, lawful effect may be given to every intention of the testatrix, except the delay in paying each child the share which the testatrix intended he should ultimately receive.

The remainderman of each trust is definitely and presently ascertainable under any contingency contemplated in the will, and

the remainders after the invalid temporary life estates may be accelerated by expunging the void dispositions.

The questioned portions of the will are, therefore, construed as follows:

The annuity conditionally bequeathed in paragraph "fifth" lapses, and the trust provisions conditionally made in paragraph "seventh" do not take effect. The entire residuary estate, exclusive of the dwelling, falls into the trusts created in paragraph "sixth" and the provisions of paragraph "ninth" apply thereto and to the trust created in paragraph "second." There is one trust of the realty and a separate trust of the residuary estate. The remainder of the "residuary trust" is divided equally into two secondary trusts.

The said realty is devised in trust for the benefit of the husband during his life or until he voluntarily relinquishes his life estate therein, and in further trust for the benefit of the mother during her life, with one-half of the remainder to each child or his estate if he die leaving issue or having survived the other child, or to the other child if the former predecease the latter and leave no surviving issue.

The residuary estate is left in trust for the benefit of the mother during her life with the remainder equally divided into two further trusts, each for the benefit of one child until he attains specified ages. At thirty-five one-half of the principal, and at forty the balance, is payable to him. In the event of his death before reaching either age, the principal or the remaining half thereof is payable to his estate if he leave issue or has survived the other child, or to the other child if the latter survive him and he leave no issue. All the remainders of the "residuary trusts" and the "realty trust" are vested in the two children subject to being divested as above noted.

The testatrix permitted her trustees to invest and reinvest in securities other than those authorized by statute for investments by a trustee. This testamentary authority, however, does not relieve them from personal liability for any neglect to exercise care, diligence and prudence in the investment of trust funds.

Costs to the petitioners and allowance to the special guardian, payable out of the estate.

Settle decree accordingly.